IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DOROTHY MARIE JACKSON** | * | |
| Petitioner | * | |
| v. | * | Crim. No.: PJM 02-0478 |
| **UNITED STATES OF AMERICA** | * | |
| Respondent | * | |

## MEMORANDUM OPINION

Pro se Petitioner Dorothy Marie Jackson has filed a Motion to Amend Sentence [Paper No. 359]. Having considered Jackson's Motion, the Court **DENIES** the Motion.

### I.

On July 6, 2004, Jackson was convicted by jury of conspiracy to distribute and possess with intent to distribute Oxycodone and Oxycontin (Count 1); acquisition of Oxycodone and Oxycontin by forgery or fraud (Counts 2, 4, 6, 8, 10, 12, 14); and possession with intent to distribute Oxycodone and Oxycontin (Counts 3, 5, 7, 9, 11, 13, 15). She was sentenced to 188 months imprisonment on Count 1; 12 months consecutive as to Count 2; and concurrent terms on the remaining counts. Jackson appealed. The Fourth Circuit affirmed but remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). On remand, this Court reduced Jackson's sentence to 144 months, followed by 3 years of supervised release. Jackson again appealed, alleging that the Court had erred in its resentencing. The Fourth Circuit rejected her appeal, noting that the Court appropriately treated the guidelines as advisory and that Jackson's 144 month prison term was two years below the advisory guidelines range. *See United States v. Jackson*, 216 F. App. 373, 375 (4th Cir. 2007).

In May 2007, Jackson filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, alleging various instances of ineffective assistance of counsel. This Court issued a Memorandum Opinion in November 2008 denying her motion.

**II.**

In the instant motion, Jackson seeks a reduction in her sentence because of "an intervening post-sentencing change of the United States Sentencing Guidelines." According to Jackson, the Court should determine the amended guideline range that would have been applicable to her case if the change had occurred at the time she was sentenced.

While Jackson's motion is styled as a motion to amend under 18 U.S.C. § 3582(c)(2), it does not relate to any changed guideline. Indeed, Jackson fails to identify what change has allegedly occurred. The motion refers to the fact that the guidelines are advisory rather than mandatory, but this Court has already resentenced Jackson following the Supreme Court's decision in *Booker*, which the Fourth Circuit affirmed. To the extent the motion seeks further retroactive collateral application of *Booker*, such relief is not permitted. *See United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005); *see also United States v. Dunphy*, 551 F.3d 247, 252 (4th Cir. 2009). To the extent the motion challenges Jackson's sentence, it constitutes a second and successive § 2255 motion, which cannot be filed absent leave to do so from the Court of Appeals, and Jackson has not provided evidence of pre-filing authorization. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255; *In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc).

**III.**

Rule 11(a) of the Rules Governing § 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has considered the record and finds that Jackson has not made the requisite showing here.

## IV.

For the foregoing reasons, Jackson's Motion to Amend Sentence [Paper No. 359] is **DENIED**. A certificate of appealability is likewise **DENIED**.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**November 9, 2011**